UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

Eastern District of Kentucky
**F I L E D**
JAN 3 1 2007
AT LONDON
LESLIE G WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 06-184-GWU

RICHARD CODY,            PLAINTIFF,

VS.      **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,         DEFENDANT.

## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative denial of his application for Supplemental Security Income (SSI). The appeal is currently before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

1

Cody

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to

2

Cody

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. Section 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1)

3

whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford

4

Cody

or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning a specific step in the test is in order.

In the Sixth Circuit, the Step Three severity regulation has been held to be a de minimus hurdle in the disability determination process. Murphy v. Secretary of Health and Human Services, 801 F.2d 182, 185 (6th Cir. 1986). An impairment can be considered not severe only if it is a "slight abnormality that minimally affects work ability regardless of age, education, and experience." Farris v. Secretary of Health and Human Services, 773 F.2d 85, 90 (6th Cir. 1985). Essentially, the severity requirements may be used to weed out claims that are "totally groundless." Id., n.1.

## DISCUSSION

The administrative law judge (ALJ) found that Cody suffered from the medically determinable impairments relating to a history of gastritis, a hernia, hypertension and a depressive disorder. (Tr. 16). However, he did not believe any of these conditions imposed a "severe" impairment and denied the claim for benefits. (Id.).

In his brief, the plaintiff admits that Medical Reviewer David Swan opined that the plaintiff's physical conditions did not amount to "severe" impairments. He argues that Swan's opinion should not be credited since he did not have the opportunity to review the entire medical record.

It is true that while the opinion of a non-examining expert may be accepted over that of an examiner, the non-examiner must have had the benefit of the review of the entire record and clearly stated the reason that his opinion differed from that of the examiner. Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994). However, in the instant case no functional capacity statement exists from any examining source to contradict the opinion of the non-examiner. Therefore, Barker is inapposite.

Neither does the record clearly document consistent physical complaints or treatment of the same. The plaintiff underwent a cholecystectomy "without complication" in August, 2001. (Tr. 101). A follow-up examination that September was unremarkable (Tr. 140). A CT of the abdomen showed only post-surgical changes. (Tr. 161). Little treatment is documented for 2002 and 2003, except for isolated treatment for hives (Tr. 138) and epididymitis (Tr. 139). The plaintiff sought treatment for abdominal pain on multiple occasions in 2004, yet neither physical examinations nor a CT scan (Tr. 112-115, 133) showed evidence of a hernia. Cody's blood pressure was described as "controlled" (Tr. 127) and the plaintiff's only medically-imposed restrictions related to a need to quit smoking cigarettes or drinking caffeine (E.g., Tr. 128). The plaintiff was told to resume "activity as usual" at one point during the year. (Tr. 120). In 2005, again, his blood pressure was said to be well controlled, his abdomen was nontender and no muscle tenderness was detected. (Tr. 209, 210, 213, 217). While an x-ray taken at a hospital showed some

6

Cody

degree of thoracolumbar spondylosis (Tr. 223), the plaintiff had been told to resume "activity as usual" when discharged from the emergency room in February, 2005. (Tr. 236). Thus, no medical evidence suggests physical restriction whatsoever.

While the mental health-related evidence does speak to limitations, substance abuse is intertwined with those limitations.[1] In a September, 2004 progress note from the Cumberland River Comprehensive Care Center, it was noted that the plaintiff had a history of "abusing" marijuana and had last used it in May, 2003 (Tr. 172), which was two years after the alleged onset date. A substance abuse induced mood disorder was one of the diagnoses. (Tr. 173, 178).

The decision will be affirmed.

This the  31  day of January, 2007.

G. WIX UNTHANK
SENIOR JUDGE

---

[1] Substance abuse is no longer a proper subject for an award of benefits as per Pub. L. 104-121.

7